### Uriah Stinson v. The State.

No. 3559.   Decided May 26, 1915.

Rehearing denied June 23, 1915.

**Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence sustained the conviction, there was no reversible error.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars and thirty days confinement in the county jail.

The testimony showed by one of the State's witnesses (and others) that defendant's wife had been shot, and the defendant brought her to the house of witness; that he phoned twice for a doctor, and seemed to be in his right mind, though bothered; that defendant's wife was a school teacher, and boarded and roomed at the home of said State's witness; that defendant had stayed with his wife before this time for something over a week, his wife paying his board; that defendant had left a day or two before this to go to Dallas, but came back; that the

officers came after him, and when they found him at said witness' house just outside the door in the yard, they arrested and searched him, and found on his person a pistol; that defendant then ran off when the officer called for a rope, and defendant went over to a house close by and shot himself with a shotgun, and was unconscious until the officers first got there, but came to, and asked them not to shoot him; that he was not seen at the time with a pistol, only in the yard at the house where his wife was rooming, and where he had stayed, and that he was not separated from his wife.

The defendant testified that he knew nothing of the entire affair, etc. He also introduced evidence that defendant's mother died from the effect of transitory insanity, and that the grandmother died from the same cause; that she would often have spells, and would know nothing what she did while under such spell; that this was the first spell of defendant that the witness had heard about.

*F. B. Martin,* for appellant.—On question that defendant was on his own premises in law:  Ross v. State, 28 S. W. Rep., 199; Craig v. State, 60 Texas Crim. Rep., 195, 131 S. W. Rep., 562; Smith v. State, 100 S. W. Rep., 155.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and prosecutes an appeal to this court.

No bills of exception are contained in the record, and this being a misdemeanor, the only question that can be considered is, whether the evidence will sustain the conviction.  We think it does do so, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied June 23, 1915.—Reporter.]